IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRENDA LEE BLUE, )
)
      Plaintiff, )
)
v. ) Civil Action No. 1:14CV946
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security Administration, )
)
      Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brenda Lee Blue, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), codified as amended (42 U.S.C. §§ 405(g)and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI) under Titles II and XVI of the Act.[1] The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 16) be granted and Plaintiff's motion (Docket Entry 14) be denied.

---

[1] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." *Craig v. Chater*, 76 F. 3d 585, 589 n. 1 (4th Cir. 1996) (internal citations omitted).

# I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

*Plaintiff's Previous Applications for Benefits*

On March 19, 2009, Plaintiff filed applications for DIB and SSI alleging disability beginning September 30, 2008. (Tr. 93.)[2] Plaintiff's claims were denied initially on July 26, 2009, and upon reconsideration on November 20, 2009. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on December 14, 2010. Plaintiff testified at the hearing, as did a vocational expert ("VE"). (*Id.*) On January 28, 2011, ALJ Daniel S. Pang determined that Plaintiff had the residual functional capacity (RFC) to perform light work that required no more than occasional operation of foot controls; occasional climbing of ladders, ropes, scaffolds, ramp and stairs; occasional stooping, kneeling, crouching, and crawling; avoided concentrated exposure to extreme cold, heat, wetness, and humidity; only occasional work with or assembling of objects smaller than a quarter; and allowed for an at-will stand option. (Tr. 96.) The ALJ determined that Plaintiff could not perform her past relevant work, but that, based on the testimony of the VE, she could perform the representative jobs of ticket seller, gate attendant, and conveyor line bakery worker, and therefore the ALJ found that Plaintiff was not disabled under the Act. (Tr. 99.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 25, 49.) Plaintiff did not appeal ALJ Pang's decision to federal court, thereby rendering that decision to be final as of January 28, 2011. (Tr. 49.)

---

[2] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 9.)

*Plaintiff's Current Applications for Benefits*

Plaintiff again filed applications for DIB and SSDI on September 26, 2011, alleging that she became disabled on September 30, 2008. (Tr. 225; 235.) The applications were denied initially and again upon reconsideration. (*Id.* at 102; 112; 124; 137.) A hearing was held before ALJ Mason Hogan on March 20, 2013. Plaintiff and her attorney were present at the hearing, and a VE testified by telephone. (Tr. 20; 25.) At the hearing Plaintiff amended the alleged onset date in her current application for benefits to January 29, 2011, one day after ALJ Pang's decision. (Tr. 50.) In a decision dated June 5, 2013, the ALJ determined that Plaintiff was not disabled under the Act. (*Id.* at 25-38.) On July 3, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (*Id.* at 7-9.) The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*), superseded in nonrelevant part by 20 C.F.R. § 404.1517(d)(2); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, '[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,'" *id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Hall*, 658 F.2d at 364. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have

4

a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n. 2 (4th Cir. 1999) (citing 20 C.F.R. § 404.1520). The law concerning these five steps is well-established. *See, e.g., Mastro*, 270 F.3d at 177-180; *Hall*, 658 F.2d at 264-65; *Hines v. Barnhart*, 453 F.3d 559, 567 (4th Cir. 2006).

### III. THE ALJ's DECISION

In his June 5, 2013 decision, ALJ Hogan found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 38.) In making this disability determination, the ALJ found that Plaintiff has not engaged in "substantial gainful activity" since her alleged onset date. (Tr. 27.) Plaintiff thus met her burden at step one of the SEP. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments through her date last insured: degenerative joint disease of the knees; degenerative disc disease of the lumbar spine; diabetes mellitus; diabetic neuropathy and mild obesity. (*Id.*) The ALJ found at step three that these impairments did not meet or medically equal a disability listing. (*Id.* at 29.)

The ALJ next assessed Plaintiff's RFC[3] and determined that Plaintiff could perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) except never climb

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." *Hines*, 453 F.3d at 562 (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." *Hall*, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." *Hines*, 453 F.3d at 562-63.

5

ladders, scaffolds, or ropes; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, and crouch, but never crawl; avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery. Further, the ALJ found that Plaintiff would require the flexibility to use a handheld assistive device such as a cane while standing and walking. (Tr. 30.)

In light of his RFC findings, the ALJ determined at step four that Plaintiff could perform her past relevant work ("PRW") as a receptionist (citing 20 C.F.R. §§ 404.1565 and 416.965). (Tr. 37.) Accordingly, the ALJ decided that Plaintiff was not under a "disability," as defined in the Act, at any time from January 29, 2011 through the date of his decision, June 5, 2013 (citing 20 C.F.R. §§ 404.1520(f) and 416.920(f)). (Tr. 38.).

## IV. DISCUSSION

Plaintiff's sole argument in this appeal is that the ALJ erred at step four of the SEP by failing "to fulfill his duty, under Social Security Ruling (SSR) 82-62, to fully question [Plaintiff] and develop the record regarding the physical and mental demands of her past relevant work." (Pl.'s Mem. in Supp. of J. at 6, Docket Entry 15.) Plaintiff contends that the ALJ mischaracterized her testimony regarding her duties, and failed to give proper weight to a third-party statement from her former employer.[4]

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and found that Plaintiff had the ability to perform a limited range of sedentary work. (Tr. 30.) At the

---

[4] This Court notes that Plaintiff has made only a cursory legal argument, unsupported by any relevant legal authority. The Local Rules of this district require that legal arguments made in briefs "shall refer to all statutes, rules and authorities relied upon." M.D.N.C. L.R. 7.2(a)(4). The failure of counsel to include legal analysis that is supported by citations to relevant legal authority is troubling to this Court. This Court is aware of at least one court that has imposed monetary sanctions against attorneys for filing frivolous and unsupported legal briefs in social security cases. *See Stines v. Colvin*, No. 1:12cv121 (W.D.N.C. Oct. 1, 2013) (Howell, Mag. J.).

6

Case 1:14-cv-00946-LCB-JLW   Document 18   Filed 12/21/15   Page 6 of 14

hearing, the ALJ questioned Plaintiff about her past work, and Plaintiff testified that she had worked as a receptionist for a tax service. (Tr. 55.) Plaintiff also testified that she "did a little filing," "some of the figuring," answered phones and greeted customers. (Tr. 55-57.) Plaintiff testified that she did not do any cleaning, lifting or carrying in this position. (Tr. 56.) Plaintiff testified that she worked in a small office, and that she would be seated for three to four hours during the day. (*Id.*) In response to the ALJ's question, Plaintiff stated that she could no longer do the job "because going up and down those stairs[,] it took a toll on my knees." (Tr. 58.) After receiving this testimony, the ALJ asked Janette Clifford, a VE, whether, in light of Plaintiff's RFC and her testimony, she could perform her past relevant work as a receptionist. (Tr. 87.) The VE testified that Plaintiff could perform the job of receptionist as it was actually and generally performed. (*Id.*)

At the fourth step of the SEP, the regulations provide that a claimant's *"impairment must prevent [her] from doing past relevant work . . . we will compare our [RFC] assessment . . . with the physical and mental demands of your past relevant work . . . . If you can still do this kind of work, we will find that you are not disabled."* 20 C.F.R. §§ 404.1520(f), 416.920(f) (emphasis in original). A plaintiff is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the clamant actually performed the work. *See* SSR 82-62, 1982 WL 31386, at *3. The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). She must make a *prima facie* showing of disability by showing she is unable to return to her past relevant work. *Grant v. Schwieker*, 699 F.2d 189, 191 (4th Cir. 1983).

7

After assessing the claimant's RFC, the ALJ must compare it with the physical and mental demands of the claimant's PRW and then determine if the claimant's impairments prevent her performance of PRW. *See* 20 C.F.R. § 404.1520(f). According to SSR 82-62:

> The claimant is the primary source for vocational documentation . . . [d]etermination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources, such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62. In making this determination, the ALJ must make the following specific findings of fact:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id.*

Plaintiff contends that because her testimony showed that she customarily sat for three to four hours and stood for four hours during an eight hour shift, the ALJ erred by finding that Plaintiff could perform her PRW as she actually performed it in light of her limitations. The Dictionary of Occupational Titles (DOT) characterizes the job of "receptionist" as sedentary work that involves lifting no more than 10 pounds at a time; carrying lightweight items; requires only "occasional" standing or walking; does not involve climbing, balancing, stooping, kneeling, crouching or crawling; and does not require near

8

acuity, far acuity, or any level of depth perception. *Dictionary of Occupational Titles*, 237.367-038, 1991 WL 672192. In this case, the hypothetical presented to the VE asked her to assume that the individual could sit for six hours out of an eight-hour day and could stand and or walk for two hours out of an eight-hour day. (Tr. 87.) This description is consistent with the characterization of the job of receptionist in the DOT. *See* DOT at 237.367-038. Plaintiff seems to be arguing that because she also performed other duties such as filing and tallying customer's payrolls her job was not that of merely a receptionist. However, her description of her job in the tax preparation office certainly encompasses the job of "receptionist" as it is generally performed, and, more importantly, as Plaintiff performed it. Plaintiff has not established that she could not meet the demands of her past job as receptionist. Substantial evidence supports the ALJ's step four determination that Plaintiff could perform her past relevant work as it was generally performed, as there was evidence that she could perform the functional demands and job duties of a receptionist as the job is performed in the national economy.

Plaintiff also contends that the ALJ failed to give proper weight to the statement of Plaintiff's former employer about Plaintiff's job duties and limitations. In this statement, Barbara McMillan stated that Plaintiff worked for her tax service firm from January 2001 to February 2008 as a receptionist and that Plaintiff also performed office filing. (Tr. 337.) Ms. McMillan went on to say:

> I frequently observed that [Plaintiff] was having problems with her knees because I observed her limping when she tried to walk. I also observed that her knees would become stiff after sitting and it was difficult for her to stand and move around the office due to pain she obviously was experiencing with her knees. The pain and stiffness in her knees progressed such that her

9

> limping became more frequent and on some days she had to leave work early as a result.
>
> [Plaintiff] also experienced problems with her eye sight. She frequently complained that her eyes were giving her problems, and I observed her rubbing her eyes and straining as she attempted to read documents and enter information into client files. As a result, I had to redo work she was performing because of the errors that she made because of her inability to see numbers and words correctly.

(*Id.*)

In his decision, the ALJ noted that he had considered Ms. McMillan's statement but that he gave it little weight for several reasons. The ALJ noted that Ms. McMillan was not an acceptable medical source nor did she have any type of treating relationship with Plaintiff. Moreover, according to the ALJ, Ms. McMillan's statement "is neither functional nor diagnostic in nature and adds little value to the decision . . ." and is less probative because Ms. McMillan had not observed Plaintiff's daily activities since 2008, only addressing Plaintiff's knee problems prior to her knee replacement surgery. (Tr. 35.)

An ALJ may consider testimony from non-medical sources such as employers, family members and friends to determine the severity of a claimant's impairments and his or her residual ability to work. *See* 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4); SSR 06-03p. 2006 WL 2329939 (SSA) ("the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicators' reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939. It is clear from his decision that the ALJ considered the testimony of Ms. McMillan and that he followed the regulations in determining what

10

weight to give the statement. The ALJ explained in detail why he determined that the statement was entitled to little weight, including as mentioned above, the source of the statement, the fact that Ms. McMillan was not a medical provider and had not observed Plaintiff since 2008, before Plaintiff had knee replacement surgery, and that her observations were inconsistent with the medical evidence in the record concerning Plaintiff's vision. While the ALJ noted Ms. McMillan's relationship with Plaintiff and that her testimony would "naturally tend to be colored by affection," he also provided evidence-based reasons for assigning little weight to the statement. *See Marshall v. Colvin*, No. 1:14cv542, 2015 WL 5970435 at *8 (M.D.N.C. Oct. 14, 2015) (unpublished) (citing *Dodrill v. Shalala*, 12 F.2d 915, 919 (9th Cir., 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness) and *Cooper v. Astrue*, No. 2:08-CV-18-FL, 2009 WL 928548, at *5-6 (E.D.N.C. Apr. 3, 2009 (unpublished) ("If the ALJ decides to reject lay testimony concerning a [c]laimant's pain or other symptoms, the ALJ must do so explicitly and with sufficient specificity to enable the court to decide whether there are legitimate reasons for the ALJ's disbelief and whether the ALJ's determination is supported by substantial evidence." (citing *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21 (4th Cir 1989)). Plaintiff's conclusory argument that the ALJ failed to give proper weight to the evidence about Plaintiff's job duties as supplied by her former employer is without merit. The ALJ did not err in assigning little weight to the statement of Plaintiff's former employer.

Plaintiff also argues that the ALJ erred in his assessment of ALJ Pang's January 2011 decision on Plaintiff's prior claim for benefits in which ALJ Pang characterized Plaintiff's past relevant work as "office helper" and that her RFC for light work with additional

11

exertional restrictions precluded all past relevant work. Again, the Court notes that Plaintiff makes only a conclusory argument, citing no case law or regulations to support her argument.

Here, the ALJ found at step four that Plaintiff could perform her past relevant work and therefore was not disabled. However, as previously noted, in the prior adjudication of the 2011 claim, ALJ Pang found at step four that Plaintiff could not perform her past relevant work, which he characterized as light work. The Fourth Circuit has established that the Commissioner must consider prior disability benefits decisions for the same claimant in determining if that claimant is disabled. *Albright v. Comm'r of Social Security*, 174 F.3d 473, 477-78 (4th Cir. 1999). In this Circuit, when adjudicating a subsequent disability claim, an ALJ should consider such factors as (1) whether the facts on which the prior findings were based is subject to change with the passage of time, such as facts relating to the severity of a claimant's medical condition; (2) the likelihood of such change, considering the length of time elapsed between the previously adjudicated period and the period being adjudicated in the subsequent claim; and (3) the extent that the evidence not considered in the final decision in the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claims. *See* Acquiescence Ruling ("AR") 00-1(4), 2000 WL 43774 (S.S.A. Jan. 12, 2000). The ALJ here followed the directions set out in AR 00-1(4), noting that although ALJ Pang's decision was less than two years old, it was based on medical evidence which is different from the evidence in the present case, including evidence of some impairments that were not present at the time of the prior decision. The ALJ properly crafted a new RFC, considering all of Plaintiff's functional impairments at the

time of the hearing and setting out his reasons for adopting the RFC described above. In doing so, the ALJ complied with the requirements of *Albright* and the governing regulations of the SSA.

Finally, Plaintiff appears to argue that the ALJ erred by giving no weight to the State Agency's characterization of Plaintiff's past relevant work as an Administrative Clerk, considered a light exertional job. (Pl.'s Br. at 9, Docket Entry 15.) Again, Plaintiff has not cited any case law or SSA regulation requiring an ALJ to assign any weight to a State Agency assessment of an individual's ability to perform past relevant work. The ALJ noted in his decision that he was giving no weight to the State Agency's vocational assessment because he was relying on the testimony of the VE, who had more than twenty years of experience in the field and who reviewed the entire record and heard Plaintiff's testimony at the hearing, including her own characterization of her previous job as a receptionist. As such, substantial evidence supports the ALJ's finding that Plaintiff could perform her past work as a receptionist as it was generally performed.

## V. CONCLUSION

Having reviewed the record and the arguments of the parties, this Court concludes that the ALJ's determination is supported by substantial evidence. Having so concluded, the Court recommends that the Commissioner's decision be affirmed

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**, that Plaintiff's Motion for Judgment on the Pleadings

13

(Docket Entry 14) be **DENIED**, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 16) be **GRANTED**, and that this action be **DISMISSED** with prejudice.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
December 21, 2015